UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CRAIG SALAMONE<br><br>    *Plaintiff,*<br><br>v.<br><br>9 LIVES CORP D/B/A BLACK CAT TAVERN; BLACK CAT ENTERPRISES, INC; COLOMBO'S CAFÉ AND PASTRIES, INC.; CONSTANTINE R. ATSALIS; KATINA K ATSALIS, OLIVE OIL,; JOHN DOE, Alias; JANE DOE, Alias, JOHN DOE CORPORATION, Alias,<br><br>    *Defendant(s).* | C.A. NO.: |

# COMPLAINT AND JURY DEMAND

## *Preliminary Statement*

1. This action is based upon a slip-and-fall injury at a Hyannis, Massachusetts restaurant. Plaintiff has suffered serious personal injuries as a result of defendants' negligence redressable under the laws of negligence and premises liability. Complete diversity of citizenship and a claim for damages greater than $75,000.00 avails the plaintiff of the federal courts.

## *Parties*

2. Plaintiff, Craig Salamone ("Mr. Salamone"), is a resident of the Town of East Hampton, State of Connecticut, and a citizen of that state.

3. Defendant, 9 Lives Corp D/B/A Black Cat Tavern, upon information and belief, is a Massachusetts Domestic Corporation, located at 165 Ocean Street, Hyannis, Massachusetts 02601.

4. Constantine R. Atsalis, Katina K Atsalis, Olive Oil, upon information and belief are the owners of the Property located at 165 Ocean Street, Hyannis, Massachusetts 02601.

5. Defendant Colombo's Café and Pastries, Inc., is a Massachusetts Domestic Profit Corporation located at 154 Main Street, Hyannis, Massachusetts 02601. The President and Registered Agent listed with the Massachusetts Secretary of State is Glentworth B. Ream.

6. Defendant, 9 Lives Corp D/B/A Black Cat Tavern, upon information and belief, is a Massachusetts Domestic Corporation, located at 165 Ocean Street, Hyannis, Massachusetts 02601.

7. Defendant, Black Cat Enterprises, Inc., upon information and belief, is a Massachusetts Domestic Corporation, located at 165 Ocean Street, Hyannis, Massachusetts 02601.

8. Defendants JOHN DOE, JANE DOE, and JOHN DOE CORPORATION, ("Doe Defendants"), are fictitious names for heretofore unknown persons or entities which may be liable in this matter, but whose identities have yet to be ascertained. Plaintiff will seek leave to amend this complaint in due course when and if the identity of such putative defendants is ascertained.

## *Jurisdiction*

9. Jurisdiction is proper under 28 U.S.C. §1332 as the action herein contains State Law Claims that are in excess of $75,000.00 and the parties are in complete diversity of citizenship.

## *Venue*

10. The United States District Court of Massachusetts is the Appropriate venue as this action arises from an incident occurring in the Commonwealth.

## *Relevant Facts*

11. Upon information and belief, 9 Lives Corp D/B/A Black Cat Tavern is the fee owner of commercial rental property located at 165 Ocean Street, Hyannis, Massachusetts 02601 (henceforth "Subject Premises" or "Premises") and was responsible for keeping and maintaining the Subject Premises in a reasonably safe condition.

12. At all times relevant hereto, Defendants operated property at the Subject Premises and were responsible for keeping and maintaining the Subject Premises in a reasonably safe condition.

13. At all times relevant hereto, Plaintiff was an invitee at the Subject Premises.

14. On or about July 9, 2020, Plaintiff was dining at the Premises.

15. Plaintiff was sitting in a wicker chair.

16. The wicker chair broke and fell to the ground, injuring Plaintiff.

17. Defendants knew or should have known of the flimsy and dangerous nature of the wicker chairs on the Premises.

18. Plaintiff was not the only individual to fall and sustain personal injuries because of the wicker chairs on and around that date, and on the Premises.

19. Defendants took subsequent remedial measures to remove the wicker chairs and replace them with a safer alternative, an admission of knowledge of their duty, the dangerousness of the condition, and their liability.

20. Plaintiff was not negligent in any way. Any claim Plaintiff was "leaning back" in his chair or otherwise engaging in risky activity is unfounded and physically impossible based on several factors including but not limited to our client's physical condition, the physical nature of the wicker chairs, the physical position of our client's table on the premises, and the proximity of the back of our client's chair to the wall.

21. Defendants had a duty to keep the Premises safe and free from unreasonable dangers.

22. Defendants breached that duty, causing Mr. Salamone to sustain serious personal injuries.

## COUNT I

### (Premises Liability Against All Defendants)

23. The prior paragraphs are incorporated by reference as if fully set forth herein.

24. At all times relevant hereto, Plaintiff was lawfully on the Subject Premises at the invitation of or with the permission of Defendants such that Plaintiff was an invitee of Defendant.

25. At all times relevant hereto, Defendants, including 9 Lives Corp D/B/A Black Cat Tavern, owed Plaintiff a legal duty to exercise reasonable care in seeing that the Subject Premises was free from dangerous conditions or defects that might cause injury to Plaintiff or other invitees or patrons.

26. Defendants, including 9 Lives Corp D/B/A Black Cat Tavern, breached their duty to Plaintiff and failed to use reasonable care under all of the circumstances by allowing the Subject Premises to be in an unreasonably dangerous condition, by failing to warn Plaintiff of the unreasonably dangerous condition of the Premises, by failing to safeguard and protect Plaintiff from the unreasonably dangerous condition, and by otherwise failing to exercise due care under the circumstances.

27. At all times relevant hereto, Plaintiff exercised due care under the circumstances.

28. As a direct and proximate result of Defendants' negligence and failure to use reasonable care, including 9 Lives Corp D/B/A Black Cat Tavern, Plaintiff was caused to suffer damages including but not limited to severe personal injury and disability, some of which may be permanent, incurred and continues to incur significant pain and suffering of mind

and body, incurred and will continue to incur hospital, doctor, and medical expenses, and was further caused a loss of wages and other damages.

**WHEREFORE,** Plaintiff Craig Salamone demands judgment in their favor and against all Defendants, including 9 Lives Corp D/B/A Black Cat Tavern, for:

a. Monetary damages in an amount to be determined at trial;

b. Interest and costs; and,

c. Such further relief as this Court deems just and proper.

*PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE*

## COUNT II

### (Negligence Against All Defendants )

29. The prior paragraphs are incorporated by reference as if fully set forth herein.

30. At all times relevant hereto, Plaintiff was lawfully on the Subject Premises at the invitation of and/or with the permission of Defendant such that Plaintiff was an invitee of Defendant.

31. At all times relevant hereto, Defendant owed Plaintiff a legal duty to exercise reasonable care in seeing that the Subject Premises were free from dangerous conditions or defects that might cause injury to Plaintiff or other invitees and patrons.

32. Defendant breached their duty to Plaintiff by allowing the Subject Premises to be in an unreasonably dangerous condition, by failing to warn Plaintiff of the unreasonably dangerous condition of the Premises, by failing to safeguard and protect Plaintiff from the unreasonably dangerous condition, and by otherwise failing to exercise due care under the circumstances.

33. At all times relevant hereto, Plaintiff exercised due care under the circumstances.

34. As a direct and proximate result of Defendants' negligence, Plaintiff was caused to suffer severe personal injury and disability, some of which may be permanent, incurred and continues to incur significant pain and suffering of mind and body, incurred and will continue to incur hospital, doctor, and medical expenses, and was further caused a loss of wages and other damages.

**WHEREFORE,** Plaintiff Craig Salamone, demands judgment in their favor and against all Defendants for:

    d. Monetary damages in an amount to be determined at trial;

    e. Interest and costs;

    f. Such further relief as this Court deems just and proper.

***PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE***

Respectfully submitted,
Craig Salamone,
By their attorney,

*/s/ Lawrence P. Almagno, Jr.*
Lawrence P. Almagno, Jr., Esq. - #9185

ALMAGNO LAW, INC.
10 Rangeley Road
Cranston, RI  02920
Tel.:  (401) 946-4529
Fax:  (401) 464-4529
LA@Almagno-law.com
June 1, 2023